UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES S. FARLOW, Jr., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-01661-B |
| | § | |
| L3 COMMUNICATIONS | § | |
| INTEGRATED SYSTEMS LP, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant L3 Communications Integrated Systems LP ("L3Harris")'s Motion to Dismiss (Doc. 16). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

**I.**

**BACKGROUND[1]**

This is an employment discrimination and retaliation case. Plaintiff Charles Farlow is a 67-year-old man who was hired by L3Harris as a Lead Test Engineer in 2011. Doc. 14, Am. Compl., ¶¶ 15, 45. Before then, Farlow had 30 years of experience and a "spotless record" with his previous employer. *Id.* at 1, ¶ 14. In November 2021, Farlow was promoted and received a substantial pay raise. *Id.* ¶ 20. Jerry Herrera became Farlow's new department manager after Farlow's promotion. *Id.* In January 2022, Mohamed Kalim became Farlow's direct supervisor. *Id.* at 2. Farlow claims that his work life became "unbearable" after L3Harris hired Kalim. *See id.* at 4.

---

[1] The Court derives the factual background from the Amended Complaint (Doc. 14).

Kalim conducted "daily morning standup meetings where he lectured about company policies" and warned that anyone who did not comply with these policies would be terminated. *Id.* ¶ 24. Farlow alleges that some of his fellow employees eventually resigned because of this "very toxic" work environment. *Id.* On one occasion, Farlow intervened in a work dispute between Kalim and another employee. *Id.* ¶ 28. Kalim then called Farlow a liar in front of Farlow's team. *Id.* On another occasion, Kalim called Farlow into his office and "removed all documents and reviews which stated [Farlow] had performed exceeding expectations." *Id.* ¶ 31. Kalim then allegedly said, "No one exceeds expectations." *Id.* Farlow claims no other employee endured similar "humiliating and berating treatment from Mohamed Kalim." *Id.* ¶ 32. Farlow complained to Herrera that Kalim "had singled [Farlow] out because of his age and his religion" but he alleges that Herrera did nothing after learning of Kalim's behavior. *Id.* ¶ 28.

On September 6, 2022, Farlow had a meeting with HR. *Id.* ¶ 35. The HR representative, Sarah Humphrey, terminated Farlow and told him that "not everyone he worked with at [L3Harris's] facility is Christian, [and] that [he] can't talk about his Christian faith under any circumstances in the workplace." *Id.* Farlow claims he was replaced with a "younger Asian American employee." *Id.* ¶ 37.

Farlow received his right to sue letter from the Equal Employment Opportunity Commission on May 1, 2023, and subsequently filed this suit. *Id.* ¶ 12. Farlow claims L3Harris discriminated against him because of his religion and his age.[2] *See* Doc. 14, Am. Compl., ¶¶ 40, 44–45. He also

---

[2] Farlow alleges he raised a race discrimination in his Charge with the Equal Employment Opportunity Commission. Doc. 14, Am. Compl., ¶ 12. However, Farlow did not assert a race discrimination claim in the Causes of Action section of his Amended Complaint, *see generally id.*, nor did he discuss any race discrimination claims in his Response to the pending Motion to Dismiss. *See generally* Doc. 17, Resp. Accordingly, the Court concludes that Farlow did not assert any claim for race discrimination in his Amended Complaint.

claims that L3Harris retaliated against him for participating in protected activities. *Id.* ¶ 46. Farlow brings his claims under Title VII and the Age Discrimination in Employment Act ("ADEA").[3] *Id.* ¶¶ 39–47. L3Harris moves to dismiss all of Farlow's claims. Doc. 16, Mot. The Court considers the Motion below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "the Court must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (internal quotations omitted). But the "court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citation omitted).

To survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff

---

[3] While Farlow mentions Chapter 21 of the Texas Labor Code ("TLC") in the Jurisdiction section of his Amended Complaint, Doc. 14, Am. Compl., ¶¶ 1–5, he does not mention the TLC when asserting his causes of action. *Id.* ¶¶ 39–49. Further, neither party discussed the TLC in their briefing regarding the pending Motion to Dismiss. *See generally* Doc. 16, Mot.; *see generally* Doc. 17, Resp. Accordingly, the Court concludes that Farlow did not assert any claims under the TLC. *See Longoria v. Via Metro. Transit*, No. SA-21-CV-01171-JKP, 2022 WL 1445396, at *7 (W.D. Tex. May 6, 2022).

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation marks and alterations omitted).

### III.

### ANALYSIS

L3Harris moves to dismiss all of Farlow's claims under Rule 12(b)(6). Doc. 16, Mot., 1. The Court finds that Farlow has stated a claim for religious discrimination but has not stated a claim for age discrimination or retaliation.

A. *Farlow Has Stated a Claim for Religious Discrimination.*

Farlow brings a religious discrimination[4] claim under Title VII. Doc. 14, Am. Compl., 4, ¶ 40. Specifically, he alleges that he was fired because of his religion. *Id.* Title VII makes it unlawful for employers "discharge any individual . . . because of such individual's . . . religion." 42 U.S.C § 2000e–2(a)(1).

To survive a motion to dismiss, a plaintiff need only "'plead sufficient facts on all of the *ultimate elements* of a disparate treatment claim to make their case plausible.'" *Cicalese v. Univ. of*

---

[4] While Farlow discusses the law regarding religious accommodations in his Response, Doc. 17, Resp., 2, he did not include *any* allegations supporting a failure-to-accommodate claim in his Amended Complaint. *See generally* Doc. 14, Am. Compl. Accordingly, the Court will not consider any potential Title VII failure-to-accommodate claims in this Order. *See United States ex rel. Grynberg Prod. Corp. v. Kinder Morgan CO2 Co., L.P.*, 491 F. Supp. 3d 220, 233 (N.D. Tex. 2020) (Kinkeade, J.) ("It is wholly inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time." (citation and internal alterations omitted)).

*Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (emphasis in original) (citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)). Disparate treatment claims have two ultimate elements: (1) the plaintiff suffered an adverse employment action (2) because of their protected status. *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Plaintiffs establish these elements when the facts alleged in their complaints "nudge [their] claims across the line from conceivable to plausible." *Cicalese*, 924 F.3d at 768 (citing *Twombly*, 550 U.S. at 547)) (further citation omitted).

Farlow has pled sufficient facts to make it plausible that he was terminated because of his religion. Farlow claims that he was "singled out and harassed" because of his Christian faith. Doc. 14, Am. Compl., ¶ 30. Specifically, Farlow alleges that, when he was fired, he was told "not everyone he worked with at [L3Harris's] facility is Christian" and that he "can't talk about his Christian faith *under any circumstances* in the workplace." *Id.* ¶ 35 (emphasis added). Being told he was not allowed to discuss "his Christian faith under any circumstances" at the same meeting where L3Harris terminated him renders plausible the inference that Farlow was fired because of his religion. *See Cicalese*, 924 F.3d at 768. Accordingly, the Court denies L3Harris's Motion to Dismiss as to Farlow's religious discrimination claim.

B.      *Farlow Has Failed to State a Claim for Age Discrimination.*

Farlow brings an age discrimination claim under the ADEA.[5] Doc. 14, Am. Compl., ¶ 2. The ADEA makes it "unlawful for an employer . . . [to] discriminate against any individual with

---

[5] In his Response to the Motion to Dismiss, Farlow appears to argue that he plausibly pleaded an ADEA claim for a hostile work environment. Doc. 17, Resp., 2. However, he did not assert an ADEA claim for a hostile work environment in his Amended Complaint. *See generally* Doc. 14, Am. Compl. The Court will not consider any new claims that were not asserted in the pleadings. *United States ex rel. Grynberg Prod. Corp. v. Kinder Morgan CO2 Co., L.P.*, 491 F. Supp. 3d 220, 233 (N.D. Tex. 2020) (Kinkeade, J.) ("It is wholly inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time." (citation and internal alterations omitted)).

respect to his compensation, terms, condition, or privileges of employment, because of such individual's age." 29 U.S.C § 623(a)(1). While plaintiffs do not need to plead each element of a prima facie case for age discrimination to survive a motion to dismiss, courts can consider the elements of a prima facie case when evaluating the sufficiency of the plaintiff's pleadings. *Flores v. Select Energy Servs., L.L.C.*, 486 F. App'x 429, 432 (5th Cir. 2012) (per curiam). To establish a prima facie case of age discrimination under the ADEA, a plaintiff must show: "(1) he [suffered an adverse employment action]; (2) he was qualified for the position; (3) he was within the protected class at the time he suffered the adverse employment action; and (4) he was either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise [suffered the adverse employment action] because of his age." *Goudeau v. Nat'l Oilwell Varco, LP*, 793 F.3d 470, 474 (5th Cir. 2015) (citation omitted). Ultimately, "a plaintiff must set forth allegations that would enable the court to reasonably infer that the employer took the adverse employment action because of the plaintiff's age." *Owen v. Stmicroelectronics, Inc.*, 2016 WL 2757368, at *5 (N.D. Tex. May 12, 2016) (Boyle, J.) (citation omitted).

Farlow appears to allege two separate adverse employment actions with regards to his age discrimination claim. First, he alleges that L3Harris terminated him because of his age. Doc. 14, Am. Compl., ¶ 44. Second, he alleges that L3Harris denied his requests for a transfer while simultaneously approving other, younger employees' transfer requests. *Id.* ¶ 45. The Court will address each alleged adverse employment action in turn.

    1.  <u>Farlow Failed to State an ADEA Claim Based on His Termination.</u>

Farlow alleges that he was fired because of his age and replaced by someone younger than him. Doc. 14, Am. Compl., ¶¶ 36–37. "Because the ADEA prohibits discrimination on the basis of

-6-

age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class." *Leal v. McHugh*, 731 F.3d 405, 411 (5th Cir. 2013) (citing *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996)). The Supreme Court has said "an inference [of age discrimination] cannot be drawn from the replacement of one worker with another worker insignificantly younger." *O'Connor*, 517 U.S. at 313. Instead, the replacement must be "substantially younger than the plaintiff" to support an inference of age discrimination. *Id.*

Farlow only alleges he was replaced by a younger woman. Doc. 14, Am. Compl., ¶ 37. Farlow fails to allege his replacement's age, and he fails to provide any facts for the Court to conclude that she was substantially younger than him. *See Rachid v. Jack In The Box*, 376 F.3d 305, 313 (5th Cir. 2004) (noting, without deciding, that an age difference of five years presents a close question of whether a replacement is "substantially younger"); *see Young v. Harris Health Care, Inc.*, 226 F.3d 643, at *3 (5th Cir. 2000) (unpublished) (determining that ten years was enough of an age difference to support a "substantially younger" finding). While not dispositive, Farlow is unable to establish his prima facie case.

While plaintiffs do not need to plead every element of their prima facie case, Farlow has not alleged any other facts sufficient for the Court to conclude it is plausible that he was terminated because of his age. *See Woldetadik v. 7-Eleven, Inc.*, 881 F. Supp. 2d 738, 741 (N.D. Tex. 2012) (Lindsay, J.). Farlow alleges he was openly humiliated by Kalim and called a liar in front of his colleagues. Doc. 14, Am. Compl., ¶ 28. He also alleges that Kalim destroyed all of Farlow's positive performance reviews. *Id.* ¶ 31. However, Farlow has not offered any facts suggesting that he was subjected to this mistreatment because of his age. For example, he did not allege that Kalim or any

other L3Harris employee made any discriminatory comments regarding Farlow's age during this harassment. *See Norris v. Acadiana Concern for Aids Relief Educ. & Support*, 421 F. Supp. 3d 399, 407–08 (W.D. La. 2019) (concluding the plaintiff stated a plausible claim for age discrimination based on numerous "age-based discriminatory/harassing comments"). Nor has he alleged that L3Harris mistreated other older employees. *See id.* at 408. Farlow merely alleges that no other employees were subject to "similar humiliating and berating treatment from Mohamed Kalim." *Id.* ¶ 32. The Court finds these allegations, without any facts linking his termination to age-based discriminatory animus, insufficient to conclude that he was terminated because of his age. *See Owen*, 2016 WL 2757368, at *5.

  2. <u>Farlow Has Failed to State an ADEA Claim Based on Denied Transfer Requests.</u>

  Farlow's second alleged adverse employment action is that L3Harris denied his transfer requests. *Id.* ¶¶ 29, 45. His ADEA claim pursuant to this theory has two problems. First, it is not clear whether L3Harris's denial of Farlow's transfer requests constitute an adverse employment action under the ADEA. L3Harris argues that Farlow has only indicated his requested transfers were lateral moves, and that a denial of a lateral transfer does not constitute an adverse employment action. Doc. 16, Mot., 7. The Fifth Circuit, however, has recently expanded the definition of what constitutes an adverse employment action under Title VII. *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 506 (5th Cir. 2023). Now, any action affecting the "terms, conditions, or privileges of employment" constitutes an adverse employment action under Title VII. *Id.* The Fifth Circuit has further explained that to properly plead an adverse employment action, a plaintiff must allege "something more than a *de minimis* harm borne of that action." *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 431 (5th Cir. 2023). Because the ADEA also includes the same catch-all "terms, conditions, or

privileges of employment" language as contained in Title VII, the holdings in *Hamilton* and *Harrison* expanding the definition of adverse employment action likely also apply to claims brought under the ADEA. *Compare* 42 U.S.C. § 2000e-2(a)(1) *with* 29 U.S.C. § 623(a)(1); *see also Eng. v. Perdue*, 777 F. App'x 94, 98–99 (5th Cir. 2019) (applying the Title VII's then standard for adverse employment actions to the plaintiff's ADEA claim). If so, L3Harris denying Farlow's transfer requests is an adverse employment action if it resulted in more than a *de minimis* harm affecting the "terms, conditions, or privileges of employment."

In *Hamilton*, the Fifth Circuit concluded that "[t]he days and hours that one works are quintessential terms or conditions of one's employment." 79 F.4th 503 (citation omitted). Similarly, one could argue that an employee's direct supervisor and the department where an employee works are "quintessential terms or conditions of one's employment," which suggests that denying a request for a lateral transfer away from "berating treatment" could constitute an adverse employment action after *Hamilton*. However, the Court declines to determine whether *Hamilton* applies to ADEA claims or whether denying a lateral transfer from a berating boss constitutes an adverse employment action because Farlow has failed to sufficiently allege any causal link between his age and L3Harris denying his transfer requests.

Second, Farlow failed to include any allegations suggesting that he was denied the lateral transfers because of his age. While Farlow does not need to establish at the pleadings stage that L3Harris treated similarly situated younger employees more favorably than it treated him, *see Cicalese*, 924 F.3d at 767, this appears to be the only method he offers to plead causation other than alleging Karim harassed him, which the Court rejected above. *See* Doc. 14, Am. Compl., ¶ 45. Plaintiffs can establish they suffered their adverse employment actions because of age discrimination

by showing they were "treated less favorably than similarly situated younger employees." *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003).

Here, Farlow alleges that L3Harris "freely transferred younger employees who had less experience and whose transfers would not fit as well as Plaintiff's transfer request." *Id.* ¶ 45. However, simply alleging that younger employees were granted transfers, without including any facts suggesting the employees were similarly situated to Farlow, is insufficient to establish that L3Harris acted with a discriminatory animus. *See Chhim*, 836 F.3d at 471 (concluding, in a Title VII case, it was not plausible that the defendant rejected the plaintiff's application because of the plaintiff's membership in a protected class when the plaintiff "plead[ed] no facts that suggest[ed] the applicant hired by the [defendant] was . . . similarly situated"); *see also Barnes v. Walters*, No. 3:21-CV-3099-X (BT), 2022 WL 18776172, at *4 (N.D. Tex. Sept. 7, 2022) (Rutherford, M.J.), *report and recommendation adopted*, No. 3:21-CV-3099-X-BT, 2023 WL 2065058 (N.D. Tex. Feb. 16, 2023) (Starr, J.), *appeal dismissed*, No. 23-10255, 2023 WL 8184815 (5th Cir. Nov. 27, 2023) (concluding a plaintiff bringing an ADEA claim "fail[ed] to plausibly allege a discriminatory treatment claim" when the plaintiff did not include sufficient facts to show he was similarly situated to the younger employees).

Farlow has alleged no facts suggesting that these younger employees were similarly situated with him. For example, he pleads no facts about the qualifications of the specific employees outside of his conclusory statement that their "transfers would not fit as well as [Farlow's] request." *See* Doc. 14, Am. Compl., ¶ 45. Nor did Farlow allege that these employees worked in the same department as him, performed similar job tasks, or applied for the same positions. *See Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) ("Employees with different supervisors, who work for different divisions of a company or who were the subject of adverse employment actions too remote

in time from that taken against the plaintiff generally will not be deemed similarly situated."). As such, the Court cannot plausibly conclude that L3Harris denied Farlow's transfer requests because of discriminatory animus from the mere fact that L3Harris granted the younger employees' requests. *Culley v. McWilliams*, No. 3:20-CV-0739-E-BH, 2021 WL 1799431, at *9 (N.D. Tex. Apr. 14, 2021) (Ramirez, M.J.), *report and recommendation adopted*, No. 3:20-CV-0739-E-BH, 2021 WL 1789161 (N.D. Tex. May 4, 2021) (Brown, J.) (finding a plaintiff failed to state a plausible claim for age discrimination when "she allege[d] no facts to show that the younger employee was similarly situated."). And while Farlow does not need to establish his prima facie case at the pleadings stage, he pleads no other facts suggesting that L3Harris denied his transfer requests because of his age. *See Owen*, 2016 WL 2757368, at *5.

The Court grants L3Harris's Motion to Dismiss as to Farlow's age discrimination claims under the ADEA. However, the Court will grant Farlow leave to amend his ADEA discrimination claims to address the deficiencies identified in this Order.

C.  *Farlow Has Failed to State a Claim for Retaliation.*

Lastly, Farlow asserts retaliation[6] claims under Title VII and the ADEA. Doc. 14, Am. Compl., ¶¶ 41, 46. Plaintiffs do not need to prove a prima facie case of retaliation to survive a motion to dismiss. *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021). Instead, plaintiffs must plausibly allege the ultimate elements of a retaliation claim—that there is a causal link between their protected activity and their adverse employment action. *Id.* at 434. However, courts may consider the prima facie elements of a retaliation claim when reviewing the sufficiency of the

---

[6] L3Harris argues that Farlow abandoned his retaliation claim because he failed to discuss the claim in his Response to the Motion to Dismiss. Doc 18, Reply, 3. However, the Court declines to dismiss unaddressed claims at such an early stage of litigation.

pleadings. *See Chhim*, 836 F.3d at 470. To establish the prima facie elements of a Title VI retaliation claim, "[Farlow] must show that 1) [he] engaged in protected activity, 2) [he] suffered an adverse employment action, and 3) a causal link exists between the protected activity and the adverse employment action." *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021). Retaliation claims brought under the ADEA contain the same elements. *Heggemeier v. Caldwell Cnty., Texas*, 826 F.3d 861, 869 (5th Cir. 2016) (citation omitted). While Farlow has plausibly pled that he engaged in protected activity and that he suffered an adverse employment action, he has failed to show the requisite link between the two as necessary to plead causation.

First, Farlow has sufficiently pled that he engaged in protected activity pursuant to both of his retaliation claims when he complained to Herrera that Kalim discriminated against him because of his age and religion. *See* Doc. 14, Am. Compl., ¶ 28. A plaintiff has engaged in a protected activity under these statutes if he either "oppos[es] any practice made an unlawful employment practice by [Title VII or the ADEA] or . . . ma[kes] a charge, testif[ies], assist[s], or participat[es] in any manner in an investigation, proceeding or hearing under [Title VII or the ADEA]." 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d). "An informal complaint may constitute protected activity for purposes of retaliation claims." *Amanduron v. Am. Airlines*, 416 F. App'x 421, 424 (5th Cir. 2011) (citation and alteration omitted).

Here, Farlow alleged that he complained to Herrera that Kalim discriminated against him because of his religion, which would constitute protected activity under Title VII. *Id.*; *see also* 42 U.S.C. § 2000e-3(a). Similarly, Farlow complaint's that Kalim discriminated against him because of his age would constitute a protected activity under the ADEA. *See Zimmerman v. Gruma Corp.*, No. 3:11-CV-01990-L, 2013 WL 3154118, at *16 (N.D. Tex. June 21, 2013) (Lindsay, J.) ("The court

agrees with Zimmerman that an employee's informal internal complaint of discrimination is protected activity under the ADEA . . . ."). Thus, Farlow has alleged that he engaged in a protected activity for both his Title VII retaliation claim and his ADEA retaliation claim. Second, Farlow has alleged that he suffered an adverse employment action because he alleges that he was fired. 29 U.S.C. § 623(a)(1).

Third, however, Farlow has failed to sufficiently plead a causal connection between his protected activities and his termination for either of his retaliation claims. Farlow alleges no facts that would allow the Court to draw the reasonable inference that L3Harris terminated him because of his complaints about religious and age discrimination. For example, Farlow did not allege that he was treated differently by his supervisors after he filed these internal complaints. *See Wright*, 990 F.3d at 434; *see also Davis v. Supreme Lab. Source, LLC*, No. EP-23-CV-00046-KC, 2023 WL 6612902, at *9 (W.D. Tex. Oct. 10, 2023), *report and recommendation adopted*, No. EP-23-CV-46-KC, 2023 WL 8649821 (W.D. Tex. Dec. 14, 2023) (finding allegations that an employer only allowed employees to return to work if they had not opposed an employer's allegedly unlawful employment practice sufficient to plead causation at the motion to dismiss stage). Nor has Farlow alleged that L3Harris reprimanded him for his internal complaints. *See Herrera v. Mary Kay, Inc.*, No. 3:08-CV-1309-N, 2009 WL 10704562, at *6 (N.D. Tex. Feb. 26, 2009) (Godbey, J.).

Farlow has likewise failed to sufficiently plead causation by alleging the temporal proximity between his protected activities and his adverse employment action. A close enough temporal proximity between the protected activity and the adverse employment action can "permit[] an inference of causation." *Wright*, 990 F.3d at 434. For example, the Fifth Circuit has found a temporal proximity of six and a half weeks to be sufficiently close to establish a prima facie case of retaliation,

*Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 949 (5th Cir. 2015), but that a period of five months is too long to support a causal link. *Ganheart v. Brown*, 740 F. App'x 386, 391 (5th Cir. 2018).

Here, Farlow has failed to present the timeline from when he engaged in his protected activities to when he was ultimately fired. Thus, the Court cannot infer any causal connection via temporal proximity. Farlow alleges that Kalim became Farlow's supervisor in January 2022 and that Farlow was fired on September 6, 2022. Doc. 14, Am. Compl., 2–3, ¶ 35. Farlow, however, does not allege when his protected activities occurred within this approximately eight-month period. Because Farlow did not allege the amount of time that elapsed between when he made his internal complaints and when L3Harris terminated him, Farlow has not sufficiently pled causation using a temporal proximity theory. *See Wright*, 990 F.3d at 434 (finding that allegations the plaintiff was fired roughly a month after engaging in a protected activity was sufficient to establish causation at the motion to dismiss stage). Accordingly, the Court grants L3Harris's Motion to Dismiss as to Farlow's retaliation claims under Title VII and ADEA. However, the Court will grant Farlow leave to amend his retaliation claims.

## IV.

## CONCLUSION

For the reasons explained above, the Court **GRANTS IN PART** and **DENIES IN PART** L3Harris's Motion to Dismiss. Specifically, the Court **DENIES** the Motion as to Farlow's claim for religious discrimination under Title VII and **GRANTS** the Motion as to Farlow's retaliation claims under Title VII and the ADEA and his age discrimination claims under the ADEA. The Court

**DISMISSES WITHOUT PREJUDICE** the retaliation and age discrimination claims. Farlow may file an amended complaint within **twenty-one (21)** days of this Order.

    **SO ORDERED**.

    **SIGNED: August 6, 2024**.

                                            JANE J. BOYLE
                                            UNITED STATES DISTRICT JUDGE