UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES S. FARLOW, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-1661-B |
| | § | |
| L3 COMMUNICATIONS | § | |
| INTEGRATED SYSTEMS LP, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant L3 Communications Integrated Systems LP ("L3Harris")'s

Motion for Summary Judgment (Doc. 32), and Plaintiff's Motion to Strike Defendant's summary

judgment evidence (Doc. 35). For the following reasons, the Court **GRANTS** summary judgment

for Defendant L3Harris and **DENIES** Plaintiff Farlow's Motion to Strike as moot.

## I.

## BACKGROUND

This is an employment discrimination case. L3Harris is a technology company. Doc. 33,

Mot. Summ. J. Br., 6. Charles Farlow worked as an engineer at L3Harris until he was terminated in

Fall 2022. *Id.* at 8.[1]

L3Harris has a code of conduct that prohibits harassment targeting a person's religion or

other protected characteristics. Doc. 34, Def.'s App., Code Conduct, 35. In summer 2022, various

employees notified L3Harris that Farlow was making offensive remarks that violated L3Harris's code

---

[1] Except as otherwise noted, citations to a document's page numbers use the page numbers generated by the ECF docketing system.

of conduct to his non-Christian co-workers. Doc. 33, Mot. Summ. J. Br., 6-7. Sarah Humphrey from Human Resources ("HR") met with Farlow, informed him of the complaint and counseled him on his conduct moving forward. *Id.* But the very next day, a third employee complained to HR that Farlow said new offensive remarks about his non-Christian co-workers. *Id.*

On August 18, 2022, Farlow was placed on suspension pending an investigation into the complaints. *Id.* On September 6, 2022, Farlow met with HR to discuss the outcome of the investigation and his employment status. Doc. 34, Def.'s App., Farlow Dep., at 10, 44:5-25, 45:1-9. In the meeting, Humphrey informed Farlow that he was being terminated. *Id.* at 40:20-23. Farlow's termination went effective on September 8, 2022. Doc. 33, Mot. Summ. J. Br., 8.

On May 1, 2023, Farlow received his right-to-sue letter from the Equal Employment Opportunity Commission, Doc. 34, Def.'s App., Farlow Dep. Ex. A., 22, and subsequently filed this suit asserting retaliation and discrimination claims under Title VII and the Age Discrimination in Employment Act, *see* Doc. 14, Am. Compl., 12-14. This Court granted in part L3Harris's motion to dismiss and dismissed Farlow's retaliation and age discrimination claims. Doc. 20, Mem. Op. & Order, 14-15.

In L3Harris's Answer to Farlow's Amended Complaint, L3Harris brought forth the affirmative defense of failure to exhaust. Doc. 22, Answer, 8. Specifically, L3Harris asserted that Farlow's claims were "barred in whole or in part because [he] failed to exhaust the required administrative remedies under Title VII of the Civil Rights Act of 1964 and exceeded the reasonable scope of investigation of his Charge of Discrimination[.]" *Id.* During discovery, L3Harris's counsel requested Farlow produce the Charge of Discrimination ("charge") at least four times. Doc. 34, Def.'s App., Lau Decl, 1. During Farlow's deposition, Farlow confirmed the charge was in his

2

possession. *Id.*, Farlow Dep., 6, 36:6-7. To date, Farlow has not produced the charge. Doc. 36, Def.'s Reply, 7.

L3Harris now moves for summary judgment on Farlow's last remaining claim for religious discrimination under Title VII. Doc. 33, Mot. Summ. J. Br., 5. The Motion is ripe, and the Court considers it below.

## II.

## LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Stroy v. Gibson ex rel. Dep't of Veterans Affs.*, 896 F.3d 693, 697 (5th Cir. 2018). To determine whether a genuine dispute exists for trial, the court must view all of the evidence in the light most favorable to the non-movant. *See Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 371-72 (5th Cir. 2002). Finally, the evidence that any party proffers "must be competent and admissible at trial." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citation omitted).

## III.

## ANALYSIS

L3Harris asserts that summary judgment is proper on Farlow's Title VII religious discrimination claim for two reasons.[2] First, Farlow did not exhaust his administrative remedies prior to filing suit. Doc. 33, Mot. Summ. J. Br., 10-11. Second, Farlow did not carry his burden under the *McDonnell Douglas* burden shifting framework to raise a fact issue on his religious

---

[2] In his motion to strike and response to the summary judgment motion, Farlow raises multiple evidentiary objections to L3Harris's summary judgment appendix. Doc. 35, Mot. Strike & Objections, 6. As the Court does not rely upon the objected evidence to reach its decision, the Court need not rule on the objections. Accordingly, the Court DENIES Farlow's motion to strike as moot.

discrimination claim. *Id.* at 6-10. As the Court finds summary judgment on the affirmative defense is appropriate, it need not address L3Harris's second argument.

Prior to bringing a Title VII discrimination claim in federal court, an employee must "exhaust her administrative remedies by filing a charge of discrimination with the EEOC." *Mack v. John L. Wortham & Son, L.P.*, 541 F. App'x 348, 358 (5th Cir. 2013) (citing *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)). "The purpose of this exhaustion doctrine is to facilitate the administrative agency's investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws." *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2018) (citation omitted), *aff'd*, 587 U.S. 541 (2019). "The scope of a Title VII complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Thomas v. Tex. Dep't of Crim. Just.*, 220 F.3d 389, 395 (5th Cir. 2000) (citing *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990)). To determine if the asserted claim in the complaint is "like or related to" the scope of the EEOC investigation, *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970), the Fifth Circuit instructs courts to perform a "fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Pacheco*, 448 F.3d at 789. Accordingly, "[t]o determine whether a plaintiff exhausted his claims, courts look to the EEOC charge." *Gunn v. Lane Gorman Trubitt, LLC*, No. 3:23-CV-2635-B, 2025 WL 268110, at *3 (N.D. Tex. Jan. 22, 2025) (Boyle, J.) (citation omitted); *see also Saunders v. Hou. Foam Plastics*, No. SA-23-CV-00156-XR, 2023 WL 3313118, at *2 (W.D. Tex. May 5, 2023) ("The Court observes, however, that Plaintiff failed to attach a copy of his EEOC Charge to his response and, accordingly, it is still impossible to determine

4

whether he has properly exhausted his administrative remedies with respect to the claims alleged in the complaint.").

"Failure to exhaust is an affirmative defense that should be pleaded." *Davis*, 893 F.3d at 307 (citing *Flagg v. Stryker Corp.*, 819 F.3d 132, 142 (5th Cir. 2016) (en banc) (Haynes, J., concurring)). Here, L3Harris properly raised its affirmative defense of failure to exhaust in its Answer to Farlow's Amended Complaint. *See* Doc. 22, Answer, 8. L3Harris's affirmative defense asserts that Farlow's claim exceeded the scope of the charge. *Id.* Now, in its summary judgment motion, L3Harris argues Farlow's refusal to bring forth his charge despite receiving several requests to do so warrants the Court granting summary judgment on its affirmative defense. Doc. 33, Mot. Summ. J. Br., 15. In support of its affirmative defense, L3Harris points to the declaration of its counsel wherein she testifies L3Harris properly asked for the charge in its request for production, followed up the request by asking Farlow to provide it in his deposition, and then asked twice more by email. Doc. 34, Def.'s App., Lau Decl., 1. The deposition testimony of Farlow further shows L3Harris asked Farlow to produce the charge and that Farlow confirmed the charge was in his possession. *Id.*, Farlow Dep., 6, 36:3-18.

In response to the summary judgment motion, Farlow does not address his failure to produce the charge. Instead, he argues that he only needed to plead administrative exhaustion, not prove it by producing the charge. Doc. 35, Mot. Strike & Resp., 7. While Farlow is correct that pleading compliance is sufficient at the motion to dismiss stage, *see Blakley v. Golabs, Inc.*, No. 3:21-CV-2422-L, 2022 WL 3720141, at *9 (N.D. Tex. July 8, 2022) (Horan, Mag. J.), *report and recommendation adopted*, No. 3:21-CV-02422-L, 2022 WL 3718510 (N.D. Tex. Aug. 29, 2022) (Lindsay, J.), it does not protect him from L3Harris's affirmative defense at the summary judgment stage.

The Supreme Court has noted that it is a "venerable rule that a factfinder may draw an adverse inference when a party fails to produce highly probative evidence that it could readily obtain if in fact such evidence exists." *Alexander v. S.C. State Conf. of the NAACP*, 602 U.S. 1, 36 (2024). "The production of weak evidence when strong is available can lead only to the conclusion that the strong would have been adverse. . . . Silence then becomes evidence of the most convincing character." *Interstate Cir. v. United States*, 306 U.S. 208, 226 (1939) (citations omitted).

Presented with evidence of Farlow's repeated failures to produce the charge when asked, and operating under the adverse inference rule, a reasonable fact finder could only conclude that the contents of the charge are adverse to Farlow's religious discrimination claim. To understand why, imagine the trial. L3Harris would produce evidence that it asked Farlow at least four times to produce the charge. It would further point to Farlow's deposition testimony where he admits the charge is in his possession. On the other side, Farlow, who produced no evidence on this point in his summary judgment response, would at this hypothetical trial also say nothing. He would offer no explanation for his failure to produce the charge, nor would he even testify to the contents of the charge. Instead, he would merely point to his Amended Complaint. From that evidence presented, a reasonable fact finder could only conclude that the substance of the charge is adverse to Farlow's claim—that its scope does not reach the religious discrimination claim asserted in this lawsuit. Even if Farlow did testify as to the contents of the charge at this hypothetical trial, it would be futile as he does not bring forth the charge—the only evidence that could rebut his repeated failure to produce it. *See id.* By not producing the charge, a reasonable fact finder could still only conclude that the substance of the charge is adverse to Farlow's claim. Farlow cannot avoid L3Harris's affirmative defense by refusing to produce the charge. As L3Harris has carried its affirmative defense burden,

and Farlow has failed to bring forth evidence to rebut it, summary judgment on L3Harris's affirmative defense is appropriate.

As L3Harris's affirmative defense argument is dispositive, the Court need not address L3Harris's other basis for summary judgment.

## IV.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant L3Harris's motion for summary judgment (Doc. 32). A final judgment will be issued separately.

SO ORDERED.

SIGNED: March 30, 2026.

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE